**Cite as: Opinion No. 95-039 (September 25, 1995)**
**(unpublished)**


**BALTIMORE CITY - BUSINESS AND PROFESSIONS - LICENSING OF**
**REAL ESTATE BROKERS AS AUCTIONEERS**


September 25, 1995


The Honorable F. Vernon Boozer
Maryland Senate

You have requested our opinion whether Baltimore City may require a person who is licensed by the State as a real estate broker to obtain an auctioneer's license to auction real property in the City.

In our opinion, Baltimore City may require such a person to obtain an auctioneer's license from the City.[1]


**I**

**City's Regulatory Authority**

Pursuant to Article XI-A, §2 of the Maryland Constitution, the General Assembly has enacted various express powers for Baltimore City. Among these is the authority to enact an ordinance "to license, tax, and regulate all businesses, trades, vocations or professions." Article II, §17 of the Baltimore City Charter.

Exercising this authority, the City has enacted an ordinance that forbids a business or person to conduct any auction sale in the City unless appointed by the Mayor and licensed by the Director of Finance. Article 2 (Auctions), §§1, 3, and 10 of the Baltimore City Code. The question has arisen whether this licensing requirement applies to those who are licensed by the State to sell real estate.

The Maryland Real Estate Brokers Act, Title 17 of the Business Occupations and Professions ("BOP") Article, Maryland Code, generally requires a person who provides real estate brokerage services to be licensed as a real estate broker by the Real Estate Commission. BOP §§17-301(a) and 17-701. Real estate brokerage services include selling real estate for another for consideration. BOP §17-101(k)(1)(i). However, licensed auctioneers who sell real estate at a public auction are not subject to the Act. §17-102(4).

---

[1] This opinion affirms the conclusion previously reached on this question by Assistant Attorney General Elizabeth H. Trimble. Letter to Lewis L. Fleury, Esquire (October 31, 1994).

Whether a person who is licensed by the Real Estate Commission to sell real estate may be required to obtain a local license to auction real estate is governed by BOP §1-203, which generally prohibits a locality from requiring a license when the activity in question is already licensed by the State.[2] This section is a qualified preemption clause, applicable to twenty-one of the State's twenty-four subdivisions.

Baltimore City is one of the three jurisdictions expressly exempted from this pre-emption clause. BOP §1-203(a). Hence, whatever the scope of this clause, it has no application to Baltimore City.

## II

### Conclusion

In our opinion, Baltimore City may exercise the legislative powers granted by the General Assembly to require auctioneers to be licensed, including those persons who wish to auction real estate in the City and have been licensed by the State to sell real estate.

J. Joseph Curran, Jr.
*Attorney General*

Richard E. Israel
*Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
  *Opinions & Advice*

---

[2] The general rule is stated in BOP §1-203: "Except as otherwise provided in this article or Article 24, Title II of the Code, a county, municipal corporation, or other political subdivision of the State may not ... require a local license ... to engage in a business or occupation for which a State licensure is required under this article."